UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIELLE WOLLENS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 12-1408** |
| **MERCK & CO, INC., SCHERING-PLOUGH CORPORATION, MERCK/SCHERING-PLOUGH PHARMACEUTICALS, INC., DR. REDDY'S LABORATORIES, INC., RANBAXY LABORATORIES, INC.** | **SECTION: "S" (5)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Merck & Co., Inc.'s Motion to Dismiss (Doc. #46) is **GRANTED**, as to plaintiff's manufacturing defect claim under the Louisiana Products Liability Act. The motion is otherwise **DENIED**.

### BACKGROUND

This matter is before the court on a motion to dismiss filed by defendant Merck & Co., Inc. Merck argues that plaintiff, Danielle Wollens, has not sufficiently alleged causes of action under the Louisiana Products Liability Act, Louisiana Revised Statutes § 9:2800.51, et seq.; the Louisiana law of redhibition, Louisiana Civil Code article 2520; or, for medical monitoring.

Wollens alleges that she sustained personal injuries as a result of being prescribed and ingesting Zocor® and/or its generic equivalent, simvastatin. In 1991, the Food and Drug Administration approved Zocor® for the treatment of elevated levels of cholesterol. Zocor® was developed, manufactured, marketed and distributed by Merck. Merck's patent for Zocor® expired in 2006, and other manufactures began producing simvastatin, Zocor®'s generic equivalent.[1]

---

[1] The other defendants to this suit manufactured, marketed and/or distributed generic versions of Zocor®. Plaintiff has voluntarily dismissed all of those defendants from this suit.

Wollens alleges that she took Zocor® or its generic equivalents from approximately 2000 to August 2010.[2] Wollens alleges that, as a result of her ingestion of Zocor® or its generic equivalents, she "suffered physical injury and damage, including but not limited to kidney failure in or around August 2010." Wollens alleges that Merck "suppressed information about Zocor and/or made false representations of Zocor's superiority and efficacy," and that, if Merck had not done so, "prescribers such as [p]laintiff's prescriber would not have prescribed Zocor in patients, such as the [p]laintiff, and would have switched from Zocor to safer products, or would have refrained wholly from any use of Zocor." Wollens alleges that Merck failed "to warn of the clear and present danger posed to others by the use of their drugs Zocor or simvastatin in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct." Wollens alleges that this conduct violated the LPLA and the Louisiana law of redhibition, and entitles her to medical monitoring.[3]

## ANALYSIS

**1.     Legal Standard**

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, enough facts to state a claim

---

[2] Woolens must have taken Zocor® from 2000 until Merck's patent expired in 2006.

[3] Wollens also made claims for bad faith breach of contract; unjust enrichment; unfair or deceptive acts in violate of the Louisiana Unfair Trade Practices Act, La. Rev. Stat. § 51:1401, et seq.; fraud; negligent misrepresentation; and, negligent infliction of emotional distress. Wollens agreed to dismiss these claims, and the court dismissed them on September 25, 2012 (Doc. #50)

for relief that is plausible on its face must be pleaded. In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atl. v. Twombly, 127 S.Ct. 1955, 1964-65 & 1973 n. 14 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl., 127 S.Ct. at 1965. In considering a motion to dismiss for failure to state a claim, a district court may consider only the contents of the pleading and the attachments thereto. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000) (citing FED. R. CIV. P. 12(b)(6)).

**2.     Merck's' Motion to Dismiss**

Merck argues that Wollens cannot prove her claims under the LPLA. Merck argues that Wollens has not alleged a manufacturing defect because she did not allege that the specific Zocor® pills she ingested deviated in a material way from Merck's specifications for the drug. Merck also argues that Wollens has not alleged that there was an alternative design available that was capable of preventing her damage, or that the burden on the manufacturer of adopting the alternative design was outweighed by the gravity of her damage. Further, Merck argues that Wollens has not stated a claim for failure to warn because Zocor®'s labels adequately warned of the danger about which she complains, and Wollens does not allege who prescribed the medication to her. Finally, Merck argues that Wollens has not stated a claim under the LPLA for breach of an express warranty because she did not allege what the warranty stated, when it was made, and to whom to was made.

Merck also argues that Wollens cannot sustain a claim under the Louisiana law of redhibition because she has not alleged that Zocor®'s benefit as a cholesterol-lowering drug was diminished in any way by any problem with the drug. Merck argues that Zocor® must have been effective in

lowering Wollens' cholesterol levels because she took it for ten years. Further, Merck argues that Wollens did not set out the elements necessary to prevail on a medical monitoring claim.

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that pleadings must contain a short and plain statement of the claim showing that the pleader is entitled to relief. To comply with Rule 8(a)(2) a plaintiff does not need to plead specific facts, but only "'give the defendant fair notice of what the. . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955 (2007) (quoting Conley v. Gibson, 78 S.Ct. 99, 103 (1957)). Further, if a complaint alleges facts upon which relief can be granted, the form is not important, even if it does not correctly categorize the legal theory giving rise to the claim. Peavy v. WFAA-TV, Inc., 221 F.3d 158, 167 (5th Cir. 2000) (citing Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 604 (5th Cir. 1981)).

Wollen's complaint meets the pleading requirements of Rule 8(a)(2) because Merck is given fair notice of the claims against it, namely, Wollens is alleging that Merck manufactured, marketed and distributed a drug which she took that caused her harm because there was something wrong with the drug about which doctors and patients were not warned. Wollens also alleges that there was an alternative design available, specifically that a lower dosage did not have the same risks as higher dosages. Further, Wollens clearly alleges that she is stating a claim for economic losses under the Louisiana law of redhibition and a claim for medical monitoring. Wollens is not required to prove the merits of her claims at the pleading stage, but only to give fair notice. Merck has fair notice of the claims against it, and it can obtain the details it seeks through discovery. Thus, Merck's motion to dismiss is denied.[4]

---

[4] Wollens did not respond to Merck's arguments regarding her manufacturing defect claim. Therefore, this claim is no longer in dispute and is DISMISSED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Merck & Co., Inc.'s Motion to Dismiss (Doc. #46) is **GRANTED**, as to plaintiff's manufacturing defect claim under the Louisiana Products Liability Act. The motion is otherwise **DENIED**.

New Orleans, Louisiana, this  13th  day of December, 2012.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**